IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Micki Myers, individually and as parent and natural guardian of Mayze Myers, minor 250 South Home Road Mansfield, OH 44906 | : : : : | **Case No.** _____ |
| | : | **Judge** _____ |
| and | : | |
| Matthew Myers, individually and as parent and natural guardian of Mayze Myers, minor 250 South Home Road Mansfield, OH 44906 | : : : | |
| Plaintiffs, | : | |
| vs. | : | **COMPLAINT** |
| United States of America, | : | |
| Defendant. | : | |
| Serve: | : | |
| Attorney General of the United States U.S. Department of Justice 950 Pennsylvania Ave, NW Washington, D.C. 20530-0001 | : : | |
| and | : | |
| U.S. Attorney for the Northern District of Ohio Attention: Civil Process Clerk 801 W. Superior Ave, Suite 400 Cleveland, OH 44113 | : : : | |

NOW COME Plaintiffs Micki Myers and Matthew Myers, individually, and as natural and legal guardians, of Mayze Myers, minor ("Plaintiffs") and for their Complaint state the following:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Micki Myers and Matthew Myers bring this action both individually and on behalf of their minor daughter, Mayze Myers, who was born on March 4, 2020.

2. At all times pertinent hereto, Plaintiffs Micki Myers and Matthew Myers were husband and wife.

3. At all times pertinent hereto, Plaintiffs resided in Richland County, Ohio.

4. The Defendant is the United States of America, its officers, agents, employees, and representatives.

5. This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b) and 28 U.S.C. §2671-2680.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(e) because the events or omissions giving rise to this claim and specified herein took place in this district, the Plaintiff resides and is domiciled in this district, and there is no real property involved in this action.

7. At all times pertinent hereto, Latonia R. Feagin, CNM ("Ms. Feagin"), was a certified nurse-midwife duly licensed and authorized to practice medicine in the State of Ohio, who held herself out to the public, including Plaintiffs herein, as a nurse-midwife capable and qualified to provide standard and acceptable childbirth care.

8. At all times relevant hereto, Ms. Feagin was employed by Third Street Community Clinic Inc., dba Third Street Family Health Services ("Third Street"). Third Street was deemed by the United States Secretary of Health and Human Services to be eligible for Federal Tort Claims Act coverage pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. §233(g)-(n).

9. At all times pertinent hereto, Ms. Feagin was acting within the scope of her employment and duties at the time of the incidents alleged herein.

10. Accordingly, Ms. Feagin, at all times relevant, was an agent, servant, and/or employee of the United States of America, or some agency thereof.

11. At all times pertinent hereto, Carolyn Chambers, MD ("Dr. Chambers") was a medical doctor duly licensed and authorized to practice medicine in the State of Ohio. Dr. Chambers held herself out to the public, including Plaintiffs herein, as a physician capable and qualified of providing standard and acceptable childbirth care.

12. Dr. Chambers, at all times relevant hereto, was employed by Third Street Community Clinic Inc., dba Third Street Family Health Services ("Third Street"). Third Street was deemed by the United States Secretary of Health and Human Services to be eligible for Federal Tort Claims Act coverage pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. §233(g)-(n).

13. At all times pertinent hereto, Dr. Chambers was acting within the scope of her employment and duties at the time of the incidents alleged herein.

14. Accordingly, Dr. Chambers, at all times relevant, was an agent, servant, and/or employee of the United States of America, or some agency thereof.

## **JURISDICTIONAL PREREQUISITES**

15. . Pursuant to 28 U.S.C. §2675(a), Plaintiffs Micki Myers and Matthew Myers, individually and on behalf of their minor daughter, Mayze Myers, filed Standard Form 95 administrative claims with the U.S. Department of Health and Human Services. Those claims were assigned numbers 2022-0592, 2022-0593, and 2022-0591, respectively. In a letter dated September 14, 2022, the U.S. Department of Health and Human Services provided notice

that it received said claims on June 3, 2022, and requested additional information, which was provided by Plaintiff on February 8, 2023.

16. Standard Form 95 for claim number 2022-0591 submitted by Plaintiffs Micki Myers and Matthew Myers on behalf of Plaintiff Mayze Myers stated a sum certain of $2,800,000; Standard Form 95 for claim number 2022-0592 submitted by Plaintiff Micki Myers stated a sum certain of $600,000; and Standard Form 95 for claim number 2022-0592 submitted by Plaintiff Matthew Myers stated a sum certain of $600,000.

17. Despite repeated inquiries from counsel for Plaintiffs, the Department of Health and Human Services has not communicated any settlement offer or any denial, written or otherwise.

18. Because a period of six (6) months has elapsed since the filing of the administrative claims in this matter, the prerequisite of exhaustion of administrative remedies has been satisfied.

## **FACTUAL ALLEGATIONS**

19. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

20. On or about March 2, 2020, Plaintiff Micki Myers presented to OhioHealth Mansfield Hospital for the scheduled induction of labor for the vaginal delivery of her child.

21. On March 3, 2020, Carolyn Chambers, M.D., initiated the labor induction process. The labor progressed into the early hours of March 4, 2020, when, at approximately 2:05 AM, a spontaneous rupture of membranes occurred, revealing meconium staining, indicating fetal distress.

22. Micki Myers was administered epidural anesthesia. The labor continued to progress, and at approximately 11:20 AM, a pelvic examination revealed Micki Myers' cervix to be fully

4

dilated at 10 cm, ready for the final stage of labor.

23. At approximately 11:57 AM, Micki Myers began the pushing phase. However, at approximately 12:42 PM the baby's right shoulder dystocia was recognized—a condition where the baby's shoulder becomes lodged behind the mother's pelvic bone, posing a significant risk to the baby if not promptly and properly managed.

24. In response to the shoulder dystocia, nurses performed "the McRoberts maneuver" and applied excessive and improper suprapubic pressure. Ms. Feagin applied excessive and improper force in an attempt to deliver Plaintiff Mayze Myers.

25. Plaintiff Mayze Myers was born at 12:42 PM, immediately after which she was admitted to the NICU. Plaintiff Mayze Myers was diagnosed with an extensive brachial plexus injury C5 – T1 and Horner's syndrome.

26. Ms. Feagin, in applying excessive and improper force during a delicate moment of shoulder dystocia, directly led to the severe and permanent injuries sustained by Plaintiff Mayze Myers.

## COUNT ONE

27. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

28. The conduct of Ms. Feagin, acting within the scope of her employment and agency for Third Street Family Health Services, constitutes a departure from standard and prudent care. This conduct consists, without limitation, of one or more of the following:
    a. Negligently pulled the baby with excessive and improper force.
    b. Negligently failed to exercise the ordinary and required degree of care, skill, and diligence that was required under the circumstances.

c. Otherwise departed from the applicable standard of medical care.

29. The conduct of Dr. Chambers, acting within the scope of her employment and agency for Third Street Family Health Services constitutes a departure from standard and prudent care. This conduct consists, without limitation, of one or more of the following:

    a. Negligently continued with vaginal delivery despite signs of difficulty.

    b. Otherwise departed from the applicable standard of medical care.

30. As a direct and proximate result of the above-described negligent acts and substandard care on the part of Ms. Feagin and Dr. Chambers, Plaintiff Mayze Myers was caused to suffer conscious physical pain, discomfort, mental anguish, and emotional distress, and was otherwise injured.

31. As a direct and proximate result of the negligent acts and substandard care rendered by Ms. Feagin and Dr. Chambers, Plaintiffs were caused to incur an increased cost of medical care, and such damages are continuing.

## **COUNT TWO**

32. The Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs, as if fully rewritten herein.

33. At all times pertinent herein, Plaintiffs Micki and Matthew Myers are the parents of Mayze Myers.

34. As a direct and proximate result of the substandard care rendered by Dr. Chambers and Ms. Feagin, Plaintiffs Micki and Matthew Myers were caused to lose the services, society, companionship, comfort, love and solace of their daughter, Mayze Myers, and such loss of consortium is continuing.

**WHEREFORE**, Plaintiffs Micki Myers and Matthew Myers, individually, and as parents

and legal and natural guardian of Mayze Myers, state that they have been substantially damaged and pray for judgment against Defendant the United States of America for personal injury and loss of consortium in the sum of $4,000,000.00 plus interest, prejudgment interest, costs, and attorney's fees and for such other relief to which Plaintiffs would be entitled.

                                              Respectfully submitted,

                                              */s/ John K. Rinehardt*
                                              John K. Rinehardt (0037394)
                                              Melanie S. Fahey (0062118)
                                              Rachel A. Rinehardt (0097825)
                                              RINEHARDT LAW FIRM
                                              2404 Park Avenue West
                                              Mansfield, OH  44906
                                              (419) 529-2020
                                              john@lawfirm2020.com
                                              melanie@lawfirm2020.com
                                              rachel@lawfirm2020.com
                                              Attorneys for Plaintiffs